**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GEORGE J. ZISER, SB# 51879
E-Mail: ziser@lbbslaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

STEPHEN H. TURNER, SB# 89627
E-mail: turner@lbbslaw.com
LARISSA G. NEFULDA, SB# 201903
E-Mail: lnefulda@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendants ERICA L. BRACHFELD, THE BRACHFELD LAW GROUP, P.C., erroneously sued as THE LAW OFFICES OF BRACHFELD & ASSOCIATES, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Ginger Melillo and Abigail Usher, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Erica L. Brachfeld; the Brachfeld Law Group, P.C.; The Law Offices of Brachfeld & Associates, P.C.; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. c:09 05823 RS JF<br><br>**DEFENDANTS THE BRACHFELD LAW GROUP, P.C. AND ERICA L. BRACHFELD'S ANSWER TO COMPLAINT**<br><br>ACTION FILED: December 11, 2009<br>TRIAL DATE: None Set |

Defendants THE BRACHFELD LAW GROUP, P.C. and ERICA L. BRACHFELD ("Defendants"), for themselves and for no other defendants, answer Plaintiffs' Complaint ("Complaint") as follows:

1. Answering Paragraph 1 of the Complaint, Defendants admit that Ms. Brachfeld is counsel of record for collection lawsuits for debt buyers. Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendants deny same.

2. Answering Paragraph 2 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

3. Answering Paragraph 3 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

4. Answering Paragraph 4 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

5. Answering Paragraph 5 of the Complaint, Defendants deny each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

7. Answering Paragraph 7 of the Complaint, Defendants admit that Ms. Brachfeld is counsel of record for collection lawsuits for debt buyers. Defendants deny the remaining allegations contained therein.

8. Answering Paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

11. Answering Paragraph 11 of the Complaint, Defendants the paragraph states a legal conclusion to which Defendants are not required to respond.

12. Answering Paragraph 12 of the Complaint, Defendants the paragraph states a legal conclusion to which Defendants are not required to respond.

13. Answering Paragraph 13 of the Complaint, Defendants the paragraph states a legal conclusion to which Defendants are not required to respond.

14. Answering Paragraph 14 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

15. Answering Paragraph 15 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

16. Answering Paragraph 16 of the Complaint, Defendants admit that Erica L. Brachfeld is licensed to practice law in California.

17. Answering Paragraph 17 of the Complaint, Defendants admit that Erica L. Brachfeld is an attorney which The Brachfeld Law Group which does business in California.

18. Answering Paragraph 18 of the Complaint, Defendants admit that Erica L. Brachfeld is an attorney which The Brachfeld Law Group which does business in California.

19. Answering Paragraph 19 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

20. Answering Paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

22. Answering Paragraph 22 of the Complaint, Defendants admit that Defendants represent debt buyers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendants deny same.

23. Answering Paragraph 23 of the Complaint, Defendants deny each and every

allegation contained therein.

24. Answering Paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

25. Answering Paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

26. Answering Paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

27. Answering Paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Defendants admit that a lawsuit was filed against Plaintiff Melillo in the Los Angeles County Superior Court over a $12,000 debt allegedly owed by Plaintiff Melillo.

30. Answering Paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, the document speaks for itself.

33. Answering Paragraph 33 of the Complaint, the document speaks for itself.

34. Answering Paragraph 34 of the Complaint, the documents speaks for itself.

35. Answering Paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.



38. Answering Paragraph 38 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

39. Answering Paragraph 39 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

40. Answering Paragraph 40 of the Complaint, Defendants admit that a lawsuit was filed against Plaintiff Usher in the Santa Clara County Superior Court.

41. Answering Paragraph 41 of the Complaint, Defendants admit that a collection letter was sent to Plaintiff Usher. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendants deny same.

42. Answering Paragraph 42 of the Complaint, Defendants admit that Plaintiff Usher called Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendants deny same.

43. Answering Paragraph 43 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

44. Answering Paragraph 44 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendants deny same.

45. Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

46. Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

47. Answering Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

48. Answering Paragraph 48 of the Complaint, Defendants deny each and every allegation contained therein.

49. Answering Paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

50. Answering Paragraph 50 of the Complaint, Defendants deny each and every allegation contained therein.

51. Answering Paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

52. Answering Paragraph 52 of the Complaint, Defendants deny each and every allegation contained therein.

53. Answering Paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein.

54. Answering Paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

55. Answering Paragraph 55 of the Complaint, Defendants incorporate by reference all of the foregoing paragraphs.

56. Answering Paragraph 56 of the Complaint, Defendants admit that they are debt collectors.

57. Answering Paragraph 57 of the Complaint, Defendants deny each and every allegation contained therein.

58. Answering Paragraph 58 of the Complaint, Defendants deny each and every allegation contained therein.

59. Answering Paragraph 59 of the Complaint, Defendants deny Plaintiffs are entitled to any relief.

60. Answering Paragraph 60 of the Complaint, Defendants incorporate by reference all of the foregoing paragraphs.

61. Answering Paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein.

62. Answering Paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

63. Answering Paragraph 63 of the Complaint, Defendants deny Plaintiffs are entitled to any relief.

64. Answering Paragraph 64 of the Complaint, Defendants incorporate by reference all of the foregoing paragraphs.

65. Answering Paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

66. Answering Paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

67. Answering Paragraph 67 of the Complaint, Defendants deny each and every allegation contained therein.

68. Answering Paragraph 68 of the Complaint, Defendants deny Plaintiffs are entitled to any relief.

69. Answering Paragraph 69 of the Complaint, Defendants incorporate by reference all of the foregoing paragraphs.

70. Answering Paragraph 70 of the Complaint, Defendants admit that they are debt collectors.

71. Answering Paragraph 71 of the Complaint, Defendants deny each and every allegation contained therein.

72. Answering Paragraph 72 of the Complaint, Defendants deny each and every allegation contained therein.

73. Answering Paragraph 73 of the Complaint, Defendants deny each and every allegation contained therein.

74. Answering Paragraph 74 of the Complaint, Defendants deny Plaintiffs are entitled to any relief.

75. Answering Paragraph 75 of the Complaint, Defendants incorporate by reference all of the foregoing paragraphs.

76. Answering Paragraph 76 of the Complaint, Defendants admit the allegation contained therein

77. Answering Paragraph 77 of the Complaint, Defendants deny each and every allegation contained therein.

78. Answering Paragraph 78 of the Complaint, Defendants deny each and every allegation contained therein.

79. Answering Paragraph 79 of the Complaint, Defendants deny Plaintiffs are entitled to any relief.

80. Answering Paragraph A of the Prayer, Defendants deny Plaintiffs are entitled to the requested relief.

81. Answering Paragraph B of the Prayer, Defendants deny Plaintiffs are entitled to the requested relief.

82. Answering Paragraph C of the Prayer, Defendants deny Plaintiffs are entitled to the requested relief.

83. Answering Paragraph D of the Prayer, Defendants deny Plaintiffs are entitled to the requested relief.

84. Answering Paragraph E of the Prayer, Defendants deny Plaintiffs are entitled to the requested relief.

85. Answering Paragraph F of the Prayer, Defendants deny Plaintiffs are entitled to the requested relief.

86. Answering Paragraph G of the Prayer, Defendants deny Plaintiffs are entitled to the requested relief.

87. Answering Paragraph H of the Prayer, Defendants deny Plaintiffs are entitled to the requested relief.

88. Answering Paragraph I of the Prayer, Defendants deny Plaintiffs are entitled to any other relief.

**FIRST AFFIRMATIVE DEFENSE**

1. As a separate, affirmative defense, Defendants allege that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.



**SECOND AFFIRMATIVE DEFENSE**

2. As a separate, affirmative defense, Defendants allege that the alleged actions of Defendants were proper and did not violate any provisions of any Federal or State statute.

**THIRD AFFIRMATIVE DEFENSE**

3. As a separate, affirmative defense, Defendants allege that at all times mentioned in the Complaint, Defendants acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendants acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendants were justified under the circumstances based on information reasonably available to Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

4. As a separate, affirmative defense, Defendants allege that the alleged actions of Defendants were not accompanied by actual malice, intent or ill will.

**FIFTH AFFIRMATIVE DEFENSE**

5. As a separate, affirmative defense, Defendants allege that Defendants' conduct, communications and actions, if any, were privileged.

**SIXTH AFFIRMATIVE DEFENSE**

6. As a separate, affirmative defense, assuming arguendo that these Defendants violated a statute alleged in the complaint, which presupposition the Defendants deny, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**SEVENTH AFFIRMATIVE DEFENSE**

7. As a separate, affirmative defense, Defendants allege that Plaintiffs are barred from any recovery against Defendants by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

8. As a separate, affirmative defense, Defendants allege that their conduct, communications and actions, if any, were privileged pursuant to Civil Code §1785.32.

/ / /

**NINTH AFFIRMATIVE DEFENSE**

9. As a separate, affirmative defense, Defendants allege that they at all times alleged in the Complaint, maintained reasonable procedures created to prevent any type of intentional violations of the FDCPA or CA FDCPA.

**TENTH AFFIRMATIVE DEFENSE**

10. As a separate, affirmative defense, Defendants allege that if Plaintiffs were damaged in any sum or sums alleged, which Defendants deny, then Plaintiffs' damages are limited by 15 U.S.C. §1692(k)(a)(1), §1692(k)(a)(2)(A), §1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1).

**ELEVENTH AFFIRMATIVE DEFENSE**

11. As a separate, affirmative defense, Defendants allege that Defendants' conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. §1692(k)(c).

**TWELFTH AFFIRMATIVE DEFENSE**

12. As a separate, affirmative defense, Defendants allege that the alleged actions of Defendants were proper and did not violate any provisions of Cal. Civ. Code § 1788, et seq.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a separate, affirmative defense, Defendants allege that their actions were privileged pursuant to Federal and State Common Law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. As a separate, affirmative defense, Defendants allege that if Plaintiffs were damaged in any sum or sums alleged, which Defendants deny, Plaintiffs failed to mitigate damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a separate, affirmative defense, Defendants allege that if Plaintiffs were damaged in any sum or sums alleged, which Defendants deny, Defendants' alleged acts or omissions were not a proximate cause of said damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. As a separate, affirmative defense, Defendants allege that Plaintiffs are barred from any recovery against Defendants by the applicable statutes of limitations.

///

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. These answering Defendants presently have insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet, unstated separate defenses available. These answering Defendants reserve herein the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

WHEREFORE, these answering Defendants pray:

1. That this action not be certified as a class;

2. For a judgment in favor of Defendants, and against Plaintiffs, and that Plaintiffs take nothing by reason of said Complaint;

2. That these answering Defendants be awarded cost of suit herein and such other further relief as the Court deems just.

DATED: January 15, 2010 LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ Larissa G. Nefulda
Stephen H. Turner, Esq.
Larissa G. Nefulda, Esq.
Attorneys for Defendant
THE BRACHFELD LAW GROUP, A.P.C.

**FEDERAL COURT PROOF OF SERVICE**
***Ginger Melillo, et al. vs. Erica L. Brachfeld, et al***
24799-348 - File No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 15, 2010, I served the following document(s): **DEFENDANTS THE BRACHFELD LAW GROUP, P.C. AND ERICA L. BRACHFELD'S ANSWER TO COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Ian D. Chowdhury, Esq.
Law Office of Ian D. Chowdhury
8853 Fullbright Avenue
Winnetka, CA 91306

The documents were served by the following means:

[X] (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 15, 2010, at Los Angeles, California.

/Stephanie Hickman