1  Law Office of Ian Chowdhury
   Ian D. Chowdhury (SBN: 199018)
2  8853 Fullbright Avenue
   Winnetka,  91306
3  Telephone: 818-407-0510
   Facsimile:  818-337-2215
4  E-mail:  ian@ianchowdhury.com

5  Attorney for Plaintiffs
   Ginger Melillo, Abigail Usher
6

7                    **UNITED STATES DISTRICT COURT**

8                  **NORTHERN DISTRICT OF CALIFORNIA**

9                        **SAN JOSE DIVISION**

10

11

   Ginger Melillo, and  Abigail Usher    )  Case No.: 09-cv-05823-JW (PVT)
12 as Individuals,                        )
                                          )  **FIRST AMENDED COMPLAINT**
13          Plaintiffs,                    )
                                          )  1) FDCPA CLAIM
14                                         )  2) ROSENTHAL ACT CLAIM
                v.                         )  3) BPC § 17200 CLAIM
15                                         )  4) CCP § 724.050 CLAIM
   Erica L. Brachfeld, The Brachfeld      )
16 Law Group, PC,                         )  DEMAND FOR JURY TRIAL
                                          )
17          Defendants                     )  HONORABLE JAMES WARE
                                          )
18                                         )
                                          )
19                                         )
   _____)
20

21

22

23

24

25

26

27

28

   _____
   Ginger Melillo et al. v. Erica L. Brachfeld, et al., First Amended Complaint

**INTRODUCTION**

Plaintiffs bring this case pursuant to the Fair Debt Collection Practices Act ("FDCPA").  Two main categories of bad conduct are at issue:  First, Defendants pursued underlying state court collection lawsuits with no substantial attorney involvement or reasonable investigation.  Second, Defendants deceived Plaintiffs into paying money in supposed settlement of the underlying debt collection lawsuits and then, contrary to the promises made to elicit those payments, pursued further collection activity.

**GENERAL ALLEGATIONS**

1.     Plaintiffs Ginger Melillo and Abigail Usher, seek a remedy for Defendants' unfair and unlawful debt collection practices.  Plaintiffs' allegations are based on personal knowledge with respect to their own actions and experiences and upon information and belief concerning all other allegations.

2.     Defendants include Erica L. Brachfeld ("Ms. Brachfeld") and the Brachfeld Law Group, PC ("BLG"),[1] Ms. Brachfeld is an attorney, and is the principle of BLG.  Except where context suggests otherwise, references to BLG also include Ms. Brachfeld.

4.     Non-parties referred to herein include Unifund CCR Partners, LLC ("Unifund") and Arrow Financial Services, LLC ("Arrow").  Together, Unifund and Arrow, are referred to herein as "Brachfeld's Clients".

5.     Brachfeld's Clients are in the business of acquiring "portfolios" of already-defaulted consumer credit accounts and trying to collect from the consumers who allegedly owe those debts (called "purchase-debts").

8.     Brachfeld's Clients often task BLG with suing consumers without providing BLG with any supporting documentation.  BLG obligingly files these

---

[1] The Law Offices of Brachfeld & Associates PC is separately named as a defendant, however the answer to the original complaint indicates it is the same entity as BLG.

1    lawsuits without question.  On information and belief, this occurred in the underlying

2    collection lawsuits that BLG brought against Melillo and Usher.

3        9.    The existence of a lawsuit necessarily implies that a qualified attorney

4    has been substantially involved, and done a reasonable investigation to determine

5    that the suit was meritorious before filing it.  In the underlying collection lawsuits

6    filed by BLG, the implication is entirely false.

7        10.    In connection with the respective underlying cases that BLG brought

8    against Melillo and Usher, BLG compounded its misdeeds by arranging false

9    "settlements" of the claims, but then, despite receiving full payment on the

10   "settlements" BLG engaged in further collection action.

11       15.    Taken together, the above-described practices constitute a formidable

12   assault on Plaintiffs' consumer rights.

13   **I.    BLG's and Arrow's Collection Action Against Abigail Usher**

14       23.    BLG filed a collection lawsuit on behalf of Arrow, against Ms. Usher

15   (the "Usher Collection Action").  The Usher Collection Action was filed in the

16   Superior Court for the State of California in the County of Santa Clara.

17       24.    Ms. Brachfeld was identified as the attorney of record in the Usher

18   Collection Action.   However, neither Ms. Brachfeld nor any other attorney at BLG

19   reviewed any documentation relating to the lawsuit, spoke to anyone about them or

20   even reviewed the complaints.  There was no substantial attorney involvement by

21   Ms. Brachfeld or any other attorney in connection with the Usher Collection Action.

22       25.    Shortly after filing the Usher Collection Action, BLG employees began

23   communicating with Ms. Usher in writing and via telephone, relying upon

24   misrepresentations to trick her into sending money to BLG.  Ultimately, BLG

25   employees tricked Ms. Usher into paying $2,051.86 in "full settlement" of the Usher

26   Collection Action.

27

28

26.    After Ms. Usher paid the $2,051.86, BLG sent Ms. Usher a letter, re-characterizing the settlement as being "conditional" upon Ms. Usher making further payment.   The letter also demanded that Ms. Usher fill out a "questionnaire" revealing the details of her bank routing and account numbers "within 10 days".   BLG's letter demanded payment of yet another $2,050.86 in order to avoid a publicly recorded judgment.

**II.    BLG's and Unifund's Collection Action Against Ginger Melillo**

27.    BLG filed a collection lawsuit on behalf of Unifund against Ms. Melillo (the "Melillo Collection Action").   BLG filed the Melillo Collection Action in the Superior Court for the State of California, in the County of Los Angeles.   In that case, BLG claimed Unifund had acquired a defaulted credit card account on which Ms. Melillo allegedly owed money.

28.    Although Ms. Brachfeld is identified as the attorney of record in the Melillo Collection Action, she never reviewed any documentation relating to it, nor did she speak to anyone about it or even review the complaint (the "Melillo Collection Complaint").   In fact, during the entire prosecution of the Melillo Collection Action, neither Ms. Brachfeld nor any other attorney was substantially involved.

29.    BLG ultimately obtained a default judgment in the Melillo Collection Action.   Default judgment in hand, BLG employees began communicating with Ms. Melillo in writing and via telephone, relying upon misrepresentations to trick her into sending money to BLG.

30.    Ultimately, BLG employees tricked Ms. Melillo into paying $9,000 directly to BLG, based on BLG's written and verbal promises that the payment would constitute "full satisfaction" of the default judgment.

31.    After Ms. Melillo paid the $9,000, BLG then explicitly refused to provide the acknowledgment of satisfaction, instead demanding more money stating

1   that despite Ms. Melillo's satisfaction of the original agreement BLG would not

2   acknowledge the judgment as satisfied unless Ms. Melillo paid thousands more.

3                                    **JURISDICTION AND VENUE**

4       32.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

5   and 15 U.S.C. § 1692k(d), based on the federal issues presented under the Fair Debt

6   Collection Practices Act.  All Defendants used the instrumentalities of interstate

7   commerce, including mail and phone, during the course of their debt collection

8   activities as alleged herein.  Supplemental jurisdiction over state claims is conferred

9   by 28 U.S.C. § 1367.

10      33.    This Court has personal jurisdiction over Defendants because

11  Defendants conduct substantial business in this District, have sufficient minimum

12  contacts with this state, and otherwise purposely avail themselves of the markets in

13  this state through their collection activities and use of the courts in this state, to

14  render the exercise of jurisdiction by this Court permissible under traditional notions

15  of fair play and substantial justice.

16      34.    Venue is proper pursuant to 28 U.S.C. 1391(a) because at least one of

17  the Plaintiffs resides here, Defendants do business in this District and receive

18  significant payments from customers in this District, and a substantial part of the

19  events or omissions giving rise to the claims occurred in this District.

20                                          **PARTIES**

21      35.    Plaintiff, Ginger Melillo, is a natural person and a resident of

22  Pasadena, California in the County of Los Angeles.

23      36.    Plaintiff Abigail Usher is a natural person and a resident of Mountain

24  View California, in the County of Santa Clara.

25      37.    Defendant Erica L. Brachfeld is an individual who does business and

26  practices law (or at least purports to practice law) throughout California, including

27  in the County of Santa Clara.

28

38.     Defendant The Brachfeld Law Group, PC is, on information and belief, a California Professional Corporation.  It does business in California, including in Santa Clara County.   It is an entity via which Erica Brachfeld operates in connection with the prosecution of collection lawsuits.

39.     Defendants acted each on their own behalf and also through one another and on each other's behalf, to commit the acts alleged herein.  Each defendant is an agent for all other defendants, and is directly and vicariously responsible for their actions, either by agreement or by operation of law, including, inter alia, the laws applicable to actual or apparent agency and attorney-client relationships as applied to debt collectors.

**FIRST CLAIM**
**FAIR DEBT COLLECTION PRACTICES ACT**
**(BY ALL PLAINTIFFS)**
**(AGAINST ALL DEFENDANTS)**

40.     All the allegations of this Complaint are hereby incorporated into this Claim, except insofar as they may be inconsistent, in which case such inconsistent allegations are pleaded in the alternative.

41.     Defendants are debt collectors under the terms of the Fair Debt Collection Practices Act, and by doing the things alleged herein, were engaged in the attempted collection of consumer debts and are legally bound to follow the prescriptions of the FDCPA.

42.     Defendants violated at least the following provisions of the FDCPA: 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f, and subsections thereof.

43.     Misrepresentations as described above include, but are not limited to, the representations that Ms. Brachfeld was substantially involved in the collection lawsuits bearing her name, and representations that consumers needed to pay more money after satisfying the terms of settlements arranged with BLG.

44.     Unfair collection activity as described above includes, making the aforementioned misrepresentations, and engaging in the above described conduct.

45.     Plaintiffs have suffered actual damage in consequence of Defendants' unlawful conduct, including monetary damage.

46.     WHEREFORE, Plaintiffs respectfully request that this Court grant such relief as requested in the below Prayer for Relief.

## SECOND CLAIM
## CALIFORNIA ROSENTHAL ACT
## (BY ALL PLAINTIFFS)
## (AGAINST ALL DEFENDANTS)

47.     All the allegations of this Complaint are hereby incorporated into this Claim, except insofar as they may be inconsistent, in which case such inconsistent allegations are pleaded in the alternative.

48.     Defendants are debt collectors under the terms of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and by doing the things alleged herein, were engaged in the attempted collection of consumer debts and are legally bound to follow the prescriptions of the Rosenthal Act, including those provisions of the FDCPA incorporated into the Rosenthal Act at California Civil Code § 1788.17.

49.     Defendants violations of the Rosental Act include violations of at least the following provisions of the FDCPA: 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f, and subsections thereof.

50.     Misrepresentations as described above include, but are not limited to, the representations that Ms. Brachfeld was substantially involved in the collection lawsuits bearing her name, and representations that consumers needed to pay more money after satisfying the terms of settlements arranged with BLG.

51.     Unfair collection activity as described above includes, making the aforementioned misrepresentations, and engaging in the above described conduct.

52.   Plaintiffs have suffered actual damage in consequence of Defendants' unlawful conduct, including monetary damage.

53.   WHEREFORE, Plaintiffs respectfully request that this Court grant such relief as requested in the below Prayer for Relief.

**THIRD CLAIM**
**BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**
**(BY ALL PLAINTIFFS)**
**(AGAINST ALL DEFENDANTS)**

54.   All the allegations of this Complaint are hereby incorporated into this Claim, except insofar as they may be inconsistent, in which case such inconsistent allegations are pleaded in the alternative.

55.   Defendants' conduct as described above constitutes unlawful, unfair and fraudulent business acts or practices under Business and Professions Code § 17200 et seq.

56.   As a result of Defendants' acts of unfair practices, Plaintiffs suffered actual damage, including monetary damage;

57.   WHEREFORE, Plaintiffs respectfully request that this Court grant such relief, including equitable relief, as is specified in the below Prayer for Relief.

**FOURTH CLAIM**
**CODE OF CIVIL PROCEDURE § 724.050.**
**(BY GINGER MELILLO)**
**(AGAINST ALL DEFENDANTS)**

58.   All the allegations of this Complaint are hereby incorporated into this Claim, except insofar as they may be inconsistent, in which case such inconsistent allegations are pleaded in the alternative.

59.   Plaintiff Ginger Melillo satisfied Unifund's judgment against her.

60.   Defendants refused to issue a notice of satisfaction of judgment, and continued to refuse after statutory notice was provided pursuant to CCP § 724.050.

61.     As a result of Defendants' refusal, Ms. Melillo suffered actual damage, including monetary damage;

62.     WHEREFORE, Ms. Melillo respectfully requests the Court grant such relief as is specified in the below Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

A.     An order awarding each Plaintiff actual, consequential, and statutory damages to be determined at trial;

B.     An order directing equitable disgorgement of Defendants' ill-gotten proceeds;

C.     An order granting attorney's fees and costs of suit;

D.     An order granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a jury trial on all matters for which a jury trial is guaranteed.

DATED:  6/10/2010                          Law Office of Ian Chowdhury

/s/ Ian D. Chowdhury
                                                           Ian D. Chowdhury
                                                       Attorney for Plaintiffs
                                            Ginger Melillo and Abigail Usher,